IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

GALVESTON DIVISION

| | |
|---|---|
| ROBERT RANDALL, #1167561 § | |
| § | |
| v. § | CIVIL ACTION NO. G-06-002 |
| § | |
| DOUG DRETKE, DIRECTOR § | |
| OF TDCJ-CID § | |

## REPORT AND RECOMMENDATION

Before the Court is the "Petition for a Writ of Habeas Corpus by a Person in State Custody" filed by Robert Randall, a prisoner in the Texas Department of Criminal Justice - Correctional Institutions Divisions ("TDCJ-CID"). On March 28, 2003, Petitioner pled guilty to a charge of evading arrest and was sentenced by the 253rd District Court of Chambers County, Texas to two years imprisonment. No appeal was taken. Petitioner does not indicate that he filed a writ of habeas corpus in state court.

The Antiterrorism and Effective Death Penalty Act ("AEDPA") requires prisoners who desire to file a habeas writ in federal court to do so within one year of the date on which the time for seeking review of the underlying conviction became final. 28 U.S.C. § 2244(d)(1)(A). In Texas, a criminal defendant can always appeal the voluntary nature of his guilty plea. *Soto v. State*, 837 S.W.2d 401, 403 (Tex. App. - Dallas 1992). Appeal from a criminal conviction must be taken within thirty days of judgment, making the appeal due by April 28, 2003. Tex.R.App.P. 26.2(1). The AEDPA's limitations period thus expired one year later on April 28, 2004. The instant writ was filed on November 20, 2005, and is therefore barred by the statutory period.

The AEDPA also requires prisoners to exhaust the remedies available to them in state court before seeking federal relief. In Texas, a prisoner must present his claims to the Texas Court of Criminal Appeals through a writ filed under Article 11.07 of the Code of Criminal Procedure. Petitioner has not done so. Ordinarily, such claims would be dismissed without prejudice, but unexhausted claims that are also time barred should be dismissed with prejudice. *Scott v. Johnson*, 227 F.3d 260 (5th Cir. 2000). However, Petitioner may still be able to present his claims to the state court in an Article 11.07 writ because that statute does not contain a limitations period.

Having conducted a preliminary review of the instant Petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases, the Court **RECOMMENDS** the Petition for a Writ of Habeas Corpus of Robert Randall (Instrument No. 1) be **SUMMARILY DISMISSED as time-barred.**

The Clerk **SHALL** send copies of this Report and Recommendation to the Petitioner. Petitioner **SHALL** have until **March 24, 2006**, to file written objections to the Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1)(C). The Objections **SHALL** be mailed to the United States District Clerk, P.O. Drawer 2300, Galveston, Texas 77553. **Any Objections filed SHALL be contained in a written document specifically entitled "Objections to the Report and Recommendation of the Magistrate Judge"**, which will then be forwarded to the District Judge for consideration. Failure to file objections within the prescribed time shall bar an aggrieved party from attacking on appeal the factual findings and legal conclusions accepted by the District Judge, except upon grounds of plain error.

**DONE** at Galveston, Texas, this ___3rd___ day of March, 2006.

John R. Froeschner
United States Magistrate Judge